UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                            :

ALFREDO HUNG,                           :

                Plaintiff,        :

                            :      25-CV-02427 (JAV)

       -v-                 :

                            :      <u>ORDER</u>

CRISTINA HUNG, et al.,          :

                            :

                Defendants.     :

                            :
------------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

On December 17, 2025, counsel for Plaintiff Alredo Hung ("Plaintiff"), Jeffrey

Benjamin, filed a motion to withdraw as attorney for Plaintiff, explaining that he and Plaintiff

had "come to an irreconcilable impasse as to the manner, method[,] and strategy as to the

ongoing prosecution of this case." ECF No. 74 at 1. Accordingly, "Plaintiff himself . . . directed

. . . and consents" to the withdrawal. *Id.* That same day, Defendant Cristina Hung and nominal

defendants Elisa Hung and Marilyn Hung (collectively, "Defendants") filed an opposition to the

motion. ECF No. 75. Defendants argued that, because the fact discovery period was to close

within two weeks, allowing Plaintiff's counsel to withdraw would have a substantial negative

impact on the timing of the proceedings in this action. *Id.* at 1-2. In the alternative, Defendants

make two requests. First, Defendants request the Court declare that Plaintiff waived Defendant

Cristinia Hung's deposition and that fact discovery is complete. *Id.* at 2. Second, Defendants

request "that the post-fact-discovery deadlines reset once Plaintiff's new counsel appears (within

60 days) or Plaintiff files a letter indicating that he intends to proceed *pro se*." *Id.*

On December 22, 2025, the Court entered an order requiring Plaintiff to file any

opposition to the motion to withdraw by January 5, 2026. Plaintiff submitted an email to

Chambers on that date, stating that he did not object to the withdrawal of counsel.  He did, however, request that the Court "condition any withdrawal of prior counsel on the prompt delivery of the complete client file, including discovery materials, correspondence, deposition transcripts and exhibits, drafts, outlines, and attorney work product prepared in this case (whether filed or not), together with counsel's assessment of Plaintiff's deposition, and all other materials reasonably necessary for successor counsel, including reasonable cooperation with successor counsel as needed to ensure continuity."  He also requested a period of sixty days to retain successor counsel.

For the following reasons, the motion to withdraw is **GRANTED**, and Defendant's requests are **DENIED.**

"[A] court has considerable discretion in deciding a motion for withdrawal of counsel." *S.E.C. v. Pentagon Cap. Mgmt. PLC*, No. 08-CV-3324 (RWS), 2013 WL 5815374, at *4 (S.D.N.Y. Oct. 29, 2013) (cleaned up).  In deciding such a motion, "a court considers two issues[:] . . . the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding."  *Id.* (cleaned up).

"The Second Circuit has recognized that there are some instances in which an attorney representing a plaintiff in a civil case might have to withdraw even at the cost of significant interference with the trial court's management of its calendar."  *City Merch. Inc. v. Tian Tian Trading Inc.*, No. 19-CV-09649 (MKV), 2021 WL 119075, at *3 (S.D.N.Y. Jan. 13, 2021) (citing *Whiting v. Lacara*, 187 F.3d 317, 321 (2d Cir. 1999)).  "Termination of the attorney-client relationship by the client is one such instance."  *Id.* (citation omitted).  "Thus, even where a local court rule requires a court order to withdraw, when counsel has been discharged—and agreed to the termination—the order to withdraw should issue except under the most compelling

2

circumstances." Id. (cleaned up).

The Court finds that counsel's submission establishes good cause for withdrawal. Indeed, "[p]ursuant to Rule 1.16(b)(3) of New York's Rules of Professional Conduct, an attorney is required to 'withdraw from the representation of a client' if, among other circumstances, 'the lawyer is discharged.'" *S.E.C. v. Gibraltar Glob. Sec., Inc.*, No. 13-CV-2575 (GBD) (JCF), 2015 WL 2258173, at *2 (S.D.N.Y. May 8, 2015) (quoting N.Y. Comp. Codes R. & Regs. tit. 22, § 1200.0). Although the Court recognizes that granting the motion to withdraw will delay the proceedings in this action, denying the motion will also subject Plaintiff to significant prejudice by denying him representation by counsel of his choice. Here, while the fact discovery period is nearly over, this action is not on the eve of trial, and so the Court is unpersuaded that "the most compelling circumstances" warranting denial of Plaintiff's motion are present. Accordingly, the Court **GRANTS** Plaintiff's motion to withdraw, subject to the requirements that Mr. Benjamin (i) serve a copy of this Order on Plaintiff Alfredo Hung by **January 8, 2026,** (ii) file proof of such service by **January 9, 2026**, and (iii) provide Mr. Hung with a copy of the litigation file in this matter by no later than **January 19, 2026**.

The Court **DENIES** Defendants' request to declare fact discovery complete or to hold that Plaintiff has waived the opportunity to conduct a deposition of Defendant. The Court will permit Plaintiff to take a two-hour deposition of Defendant Christina Hung at a later date. The Court will set new discovery deadlines once Plaintiff's new counsel appears or it is determined that Plaintiff will proceed *pro se*.

This matter is stayed until **March 6, 2026**, to permit Plaintiff time to obtain new counsel. Plaintiff has until **March 6, 2026,** to retain counsel. Alternatively, if Plaintiff wishes to continue pursuing this case without counsel, Plaintiff must file a Notice of Pro Se Appearance with the

3

Court by March 6, 2026.  If Plaintiff (either personally or through new counsel) fails to appear by that date, or an extension of time to seek counsel is not granted, it may lead to a dismissal of the case for abandonment or failure to prosecute pursuant to Rule 41 of the Federal Rules of Civil Procedure.

Plaintiff can find a downloadable version of the notice of pro se appearance on the Court's webpage at: https://nysd.uscourts.gov/node/826.  Plaintiff may file a notice of pro se appearance by email, regular mail, or in person.  If Plaintiff wishes to file by email, it should be sent to ProSe@nysd.uscourts.gov.  The notice of pro se appearance must be attached to the email in PDF format and be no larger than 15 megabytes.  The subject line of the email must include the case name and docket number.

Plaintiff can file by regular mail by mailing a paper copy of the notice of pro se appearance to the Court at the following address: Pro Se Intake Unit, 500 Pearl Street, Room 205, New York, NY 10007.  The notice of pro se appearance can also be filed in person by bringing a paper copy to the Court at the Pro Se Intake Unit's office at Room 205 at the following address: 500 Pearl Street, New York, NY 10007.  If Plaintiff has any questions regarding filing a notice of pro se appearance, contact the Pro Se Intake Unit, 212-805-0175. Plaintiff may also visit the Pro Se Intake Unit's webpage at: https://www.nysd.uscourts.gov/prose.

Unless new counsel appears on behalf of Plaintiff by March 6, 2026, Plaintiff will be deemed to be proceeding *pro se*.  **All parties must familiarize themselves with the Court's Individual Rules and Practices in Civil *Pro Se* Cases, which are attached to this Order and available at https://nysd.uscourts.gov/hon-jeannette-vargas.**

*Pro se* parties may not call the Court directly; any questions should be directed to the *Pro*

4

*Se* Office at (212) 805-0175.

*Pro se* parties are encouraged to consent to electronic service via ECF as it would ensure that the *pro se* party would receive documents in its case promptly by email instead of by regular mail. The consent form, along with instructions on how to fill it out, can be found at https://www.nysd.uscourts.gov/forms/consent-electronic-service-pro-se-cases. Unless and until a *pro se* party consents to receive electronic service, however, counsel are required to serve that *pro se* party with copies of documents filed with the Court and to file affidavits of such service with the Court thereafter.

If Plaintiff does not consent to electronic service via ECF, Plaintiff may submit filings as PDFs by email Pro_Se_Filing@nysd.uscourts.gov. If Plaintiff is unable to use email, Plaintiff may submit documents by regular mail to the Daniel Patrick Moynihan Courthouse, Pro Se Intake Unit, 500 Pearl St., Room 205, New York, NY 10007, or in person at the drop box located at the U.S. Courthouse at 500 Pearl Street. In either case, however, there may be delays before such filings are received and/or docketed.

The Clerk of Court is directed to terminate ECF No. 74 and to terminate Jeffrey Benjamin as counsel.

SO ORDERED.

Dated: January 6, 2026
New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge

5