UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                  :

ALFREDO HUNG,
                                  :

             Plaintiff,           :

                                  :        25-CV-02427 (JAV)

        -v-                 :

                                  :          ORDER

CRISTINA HUNG,
                                  :

                                  :

             Defendant.     :

and                               :

                                  :

ELISA HUNG, and MARILYN HUNG,
                                  :

             Nominal Defendants.  :

.                                    :
------------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

      Plaintiff seeks reconsideration of this Court's denial of his request for an extension of the fact discovery deadline to take third party discovery of Citibank, N.A.  ECF No. 97.  "Reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Arnold v. Geary*, 981 F. Supp. 2d 266, 269 (S.D.N.Y. 2013), *aff'd*, 582 F. App'x 42 (2d Cir. 2014) (cleaned up).  "Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Hines v. BMG Rts. Mgmt. (US) LLC*, 694 F. Supp. 3d 341, 347 (S.D.N.Y. 2023).  Plaintiff's motion is DENIED.

      As an initial matter, Plaintiff's request for reconsideration is untimely.  This Court denied Plaintiff's prior motion on March 10, 2026.  ECF No. 96.  Plaintiff filed the instant motion on April 8, 2026.  Under Local Rule 6.3, motions for reconsideration must be made within 14 days of the order being challenged.  S.DN.Y. Local Rule 6.3.  This alone is grounds to deny the motion.

      Yet the Court also denies Plaintiff's motion on the merits.  The Court previously denied Plaintiff's motion for failure to show good cause for not seeking

the desired discovery from Citibank during the five months of fact discovery before prior counsel withdrew. "Whether good cause exists turns on the diligence of the moving party." *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009). In his renewed motion, Plaintiff still offers no explanation for the lack of diligence, merely blaming the omission on prior counsel. Yet that new counsel has been retained is not a reason to reopen fact discovery. *Kontarines v. Mortg. Elec. Registration Sys., Inc.*, No. 15-CV-2206 (ARR), 2016 WL 3821310, at *4 (E.D.N.Y. July 12, 2016) ("[T]he timing of plaintiff's belated application is the product of his retention of new counsel and resulting change in strategy–factors that do not constitute good cause under Rule 16(b).").

Plaintiff's submission, rather than address due diligence, instead focuses on the purported centrality of the Citibank records to the issues to be litigated. But the Citibank account records did not belatedly come to attention of the parties. These account records have been referenced as a focus of discovery since the initial pretrial conference held in June 2025. That Plaintiff apparently relied upon Defendant to subpoena these records and did not seek them himself, and now complains that the Defendant's "deficient" subpoena did not request all the records that Plaintiff now wishes to obtain, does not constitute good cause for an extension of the discovery deadline.

The Clerk of Court is directed to terminate the motion at ECF No. 97.

SO ORDERED.

Dated: April 9, 2026
    New York, New York                 _____
                                JEANNETTE A. VARGAS
                                United States District Judge